IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PARALLEL SEPARATION** § | | C.A. No. 2:14-cv-00556 |
| **INNOVATIONS, LLC** § | | |
| **Plaintiff,** § | | |
| § | | |
| § | | |
| § | | |
| vs. § | | |
| § | | |
| **NATIONAL OILWELL VARCO, INC;** § | | |
| **NATIONAL OILWELL VARCO, LP;** § | | |
| **NOW OILFIELD SERVICES, INC;** § | | |
| **NATIONAL OILWELL VARCO, LP dba** § | | |
| **NOV BRANDT and dba BRANDT** § | | |

**DEFENDANTS ORIGINAL ANSWER
SUBJECT TO DEFENDANTS' MOTIONS TO
DISMISS (RULE 12(b)(3), FRCP) AND TRANSFER VENUE (28 U.S.C. § 1404(a))**

Subject to its Motions to Dismiss (Rule 12(b)(3), Fed.R.Civ.P.) and Transfer Venue (28 U.S.C. § 1404(a)), Defendants National Oilwell Varco, Inc.; National Oilwell Varco, L.P.; NOW Oilfield Services, Inc.; National Oilwell Varco, LP dba NOV Brandt and dba Brandt (hereinafter, collectively "Defendants"), file this Original Answer, and would respectfully show as follows:

**THE PARTIES**

1. Defendants are without sufficient information to admit or deny the allegations in paragraph 1.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit the allegations in paragraph 5.

## JURISDICTION/VENUE

6. Defendants admit that the Complaint purports to allege a civil action for patent infringement. Except as expressly admitted herein, Defendants deny the allegations of paragraph 6 of the Complaint.

7. For the limited purposes of this lawsuit, Defendants deny that this Court has personal jurisdiction over Defendants for the reasons set out in Defendants' Motion to Dismiss under Rule 12(b)(3), Fed.R.Civ.P. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 7 of the Complaint.

8. For the limited purposes of this lawsuit, Defendants deny that venue is proper in this Court for the reasons set out in Defendants' Motion to Dismiss under Rule 12(b)(3), Fed.R.Civ.P. Except as expressly admitted herein, Defendant denies the allegations of Paragraph 8 of the Complaint.

## BACKGROUND

9. Defendants admit that U.S. Patent No. 5,593,582 (PSI's '582 patent) entitled "Two for One Shale Shaker" was patent issued on January 14, 1997. PSI's '582 patent expired on January 14, 2014 because it was filed before June 8, 1995 (subject to the "transitional rules" for patent term), it receives a patent term of 20 years from the earliest claimed priority date or 17 years from the date of issue. *Public Law* 103-456; 35 U.S.C. § 154; MPEP § 2701. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 9 of the Complaint.

10. Defendants are without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint.

11. Because PSI's '582 patent is already expired, Defendants deny that PSI has the right to grant licenses relating to the '582 patent. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Complaint.

### ALLEGED INFRINGEMENT OF THE '582 PATENT

12. Defendants deny the allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny the allegations of Paragraph 14.

### OTHER ALLEGATIONS

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

### AFFIRMATIVE DEFENSES

17. The '582 patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 102, and 112.

18. PSI's '582 patent was filed on February 22, 1995, and issued on January 14, 1997. On its face, the issued '582 patent claims priority as a continuation-in-part (CIP) of U.S. Pat. No. 5,382,091 (the '091 patent), and also as a CIP of U.S. Pat. No. 5,454,957 (the '957 patent). PSI's '582 patent improperly claims priority as a CIP because the '091 patent was not co-pending when the application that issued as the '582 patent was filed. In order to claim priority to an earlier filed application, a patent application must be filed while the claimed priority application is still pending before the USPTO or claim priority through one or more earlier applications which together show co-pendency. *See Medtronic Corevalve, LLC v. Edwards Lifesciences Corp.,* 741 F.3d 1359 (Fed.Cir. 2014).

19. The Federal Circuit has held that when an improper claim of priority is intended to mislead the PTO examiner, a finding of inequitable conduct may be established. *See, Nilssen v. Osram Sylvania, Inc.,* 504 F.3d 1223 (Fed.Cir. 2007).

## **NATIONAL OILWELL VARCO, LP'S COUNTERCLAIMS**

20. The contents of the preceding paragraphs are included by reference as if fully set forth herein.

21. PSI alleges in its Complaint that it is a limited liability company with its principle place of business in Plano, Texas.

22. National Oilwell Varco, LP (NOV, LP) is a Delaware limited liability company with its principle place of business in Houston, Texas.

23. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. In addition, PSI has invoked jurisdiction in this Court by way of filing its Complaint for Patent Infringement in this Court.

24. Venue is proper in this district because PSI has submitted to venue in this Court by filing its Complaint in this Court.

25. NOV, LP has filed a motion to transfer venue to the United States District Court for the Southern District, Houston Division and contends venue is also proper in that Court.

26. All the below counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, pursuant to 28 U.S.C. §§ 1337, 1338, 1367, 2201 and 2202, and are based upon actual controversies existing between NOV, LP and PSI.

27. This is a counterclaim for declaratory judgment of invalidity, non-infringement, and unenforceability of U.S. Patent No. 5,593,582 (the '582 Patent). NOV, LP seeks a declaratory judgment that the '582 Patent, including each of the claims thereof, is invalid for failure to comply

with the requirements of the patent statutes, including failure to comply with the conditions and requirements of patentability set forth in 35 U.S.C. §§ 102, 103, and 112.

28. NOV, LP seeks a declaratory judgment of non-infringement that no product made, used, sold, offered for sale, or imported by defendants in the United States infringes any claim of the '582 Patent.

29. NOV, LP seeks a declaratory judgment of non-infringement that the claims of the '582 Patent cannot be validly construed to cover any product made, sold, used, offered for sale, or imported by NOV, LP in the United States.

30. NOV, LP seeks a declaratory judgment that the '582 Patent is unenforceable due to inequitable conduct by PSI for the reasons set out in Paragraphs 17-22.

31. NOV, LP seeks a declaratory judgment that this is an exceptional case and that it, as a prevailing party, is entitled to receive its reasonable costs, expenses and attorney's fees in this action, this being an exceptional case in accordance with 35 U.S.C. § 285.

## DEMAND FOR JURY

32. Defendants hereby demand a jury trial of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully requests this Court enter judgment in their favor against PSI for the following relief:

A. Dismiss PSI's Complaint with prejudice;

B. Declare any and all asserted claims of the '582 Patent invalid and/or not infringed by Defendants;

C.      Declare that the '582 Patent is unenforceable;

D.      Enjoin PSI, its agents, servants, officers, directors, employees, attorneys, representatives, any successors and assigns thereof, and all persons acting in concert with them, directly or indirectly, from charging or asserting infringement of any claim of the '582 Patent against Defendants or anyone in privity with Defendants;

E.      Declare PSI's allegation of infringement of the '582 patent to be an exceptional case and award Defendants, as prevailing parties, reasonable costs, expenses and attorney's fees herein in accordance with 35 U.S.C. § 285;

F.      Award Defendants its costs of court; and

G.      Award Defendants such other and further relief as this Court may deem just and proper.

Dated:  June 23, 2014

Respectfully submitted,

*/s/ John W. Raley*
John W. Raley
Robert M. Bowick
Bradford T. Laney
Raley & Bowick, LLP
1800 Augusta Dr., Suite 300
Houston, Texas 77057
Phone: (713) 429-8050
Fax: (713) 429-8045
rbowick@raleybowick.com
jraley@raleybowick.com
blaney@raleybowick.com

          Andy Tindel
          Mann, Tindel & Thompson
          112 East Line Street, Suite 304
          Tyler, Texas 75702
          Tel: (903) 596-0900
          Fax: (903) 596-0909
          Email: atindel@andytindel.com

          ATTORNEYS FOR DEFENDANTS NATIONAL OILWELL VARCO, INC., NATIONAL OILWELL VARCO, L.P., NOW OILFIELD SERVICES, INC., NATIONAL OILWELL VARCO, LP DBA NOV BRANDT AND DBA BRANDT

## CERTIFICATE OF SERVICE

      Pursuant to CV-5(a)(3) of the Local Rules for the United States District Court for the Eastern District of Texas, I certify that a true and correct copy of the foregoing instrument has been served on June 23, 2014, on all counsel of record who have consented to electronic notification via CM/ECF through the United States District Court for the Eastern District of Texas. Any other counsel of record will be served by electronic mail, facsimile and/or first class mail.

          */s/ Robert Bowick*
          Robert Bowick